WEST V STATE

NO. 07-01-0069-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 2, 2001

______________________________

NORMAN WEST,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140th
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-427,619; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before QUINN, REAVIS, and JOHNSON, JJ.

Norman West appeals his conviction for the delivery of a controlled substance within a drug free school zone.  His two points of error concern the court’s refusal to exclude evidence of extraneous offenses.  The first instance involved the State’s reference, during its opening argument, to appellant’s propensity to buy $5000 worth of drugs per month.  The second concerned testimony by an officer about the officer’s purchase of drugs from appellan
t prior to the transaction from which this appeal arose.  We overrule each point of error and affirm.

Generally, a party must object each time purportedly inadmissible evidence is offered.  
Russell v. State
, 904 S.W.2d 191, 197 (Tex. App.–Amarillo 1995, no pet.).  The failure to do so or obtain a running or continuing objection results in the waiver of any complaint 
viz-a-viz
 the evidence
.  
Ethington v. State
, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); 
see
 
Massey v. State
, 933 S.W.2d 141, 149 (Tex. Crim. App. 1996) (holding that the objection is waived when the same evidence is subsequently admitted from another source). 

Here, the record discloses that appellant objected to the admission of the evidence in question when the State first presented it.  However, when presented by the State elsewhere at trial, such as through an audio tape played to the jury, no objections were uttered.  This resulted in the waiver of any complaint appellant had regarding the admissibility of the evidence, given that he previously had not requested nor obtained a running or continuing objection to the evidence. 

Accordingly, we affirm the judgment.

Brian Quinn

   Justice

Do not publish.